OA 91 Criminal Complaint

# United States District Court

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

UNITED STATES OF AMERICA
V.
JOHN DOE #1
(aka "VADINHO", aka GERARDO GUILLERMO RUIZ-SANCHEZ)

CRIMINAL COMPLAINT

Case Number: 3 07 70344

BZ

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about April 20, 2005 to the present in Alameda County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

knowingly transfer, or use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal Law, or that constitutes a felony under any applicable State or local law.

Penalty: Not more than 5 years imprisonment, not more than $250,000 fine, or both imprisonment and fine; not more than 3 years supervised release; $100 special assessment; deportation.

in violation of Title 18 United States Code, Section(s) 1028(a)(7).

I further state that I am a(n) Special Agent with DHS/ICE and that this complaint is based on the following facts:

See AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT and COMPLAINT AND ARREST WARRANTS, incorporated herein.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Approved As To Form: _____ AUSA

SA Christopher Purfeerst //
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

15 June 07
Date

at San Francisco, CA
City and State

Bernard Zimmerman    US Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT and
## COMPLAINT AND ARREST WARRANTS

I, Christopher Purfeerst, being duly sworn, hereby depose and state the following:

### I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a search warrant to search for evidence, fruits, and instrumentalities of criminal activity at **THE PIZZA HOUSE** at 954 B Street, Hayward, California and **MONTEREY PIZZA** At 599 Monterey Blvd., San Francisco, California. These premises are described more fully in Attachments A and B, which are attached hereto and fully incorporated herein by reference.

2. There is probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 8, United States Code, Sections 1324 (a)(1)(A)(iii), Bringing In, Concealing and Harboring Certain Aliens, and Title 18, United States Code, Section 1028 (a)(7), Fraud and Related Activity in Connection with Identification Documents, and Conspiracy to do the same, will be found at each location. The items to be searched for and seized are more fully described in Attachment C, which is attached hereto and fully incorporated herein by reference.

3. This Affidavit is also submitted in support of a complaint and arrest warrants charging **GLENIO SILVA,** with violating Title 8, United States Code, Sections 1324 (a)(1)(A)(iii), Bringing In, Concealing and Harboring Certain Aliens and charging the following individuals with violating 18 U.S.C. Section 1028(a)(7), Fraud and Related Activity in Connection with Identification Documents: **"VADINHO", aka GERARDO GUILLERMO RUIZ-SANCHEZ; GILSON ARAUJO (aka GILVAN LEANDRO THOMAZELE); JANE DOE (aka ANDREA LNU, SUHAIL CRUZ-PAGAN); GERALDO RODRIGUES (aka JOSE LUCIANO LEAL).**

### II.   AFFIANT'S BACKGROUND & EXPERTISE

4. I am a Special Agent with the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), currently appointed to the Office of the Special Agent in Charge, San Francisco, (SAC/SF). I have been employed as a Special Agent with ICE since June 19, 2005. Prior to my employment as a Special Agent with ICE, I was employed by the United States Border Patrol as a Senior Patrol Agent.

5. I am currently assigned to the Office of Investigations, Compliance/Worksite Enforcement Unit. The Compliance/Worksite Enforcement Unit investigates matters concerning the unlawful employment, smuggling, and harboring of certain aliens in violation of Title 8, United States Code, Sections 1324 et. al.

6. In my capacity as a Special Agent, I completed Immigration and Customs Enforcement Special Agent Training at the Federal Law Enforcement Training Center

1

(FLTEC). Also at FLETC, I completed the basic criminal investigator-training course. In these training courses, I received specialized instruction in the identification and investigation of smuggling organizations and their methods of operation, as well as, methods employed to harbor and conceal aliens in the United States. In addition, I received specialized instruction in the detection, analysis, and investigation of fraudulently-obtained documents and identity theft.

7. The information contained in this affidavit is known to me through personal knowledge, record checks, information received from other law enforcement personnel, interviews with an informant, administrative subpoenas, physical surveillance, and financial records. Furthermore, this affidavit is based upon my training and experience as an ICE Agent and that of other ICE Agents and law enforcement officers with whom I have discussed this matter. This affidavit is intended to show that there is probable cause for these search warrants and does not purport to set forth all of my knowledge of or investigation into this matter.

### III.   APPLICABLE LAW

8. Title 8, United States Code, Section 1324(a)(1)(A)(iii) provides that is unlawful for, any person who "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation." An "alien" is a person who is not a natural born or naturalized citizen of the United States. 8 U.S.C. § 1324(a)(3)(B).

9. Title 18, United States Code, Section 1028(a)(7) provides that it is a felony to, "knowingly transfer, or use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal Law, or that constitutes a felony under any applicable State or local law."

10. California Penal Code, Section 114 provides that it is a felony for any person to "use false documents to conceal his or her true citizenship or resident alien status."

2

## IV.     PLACES TO BE SEARCHED

11. **THE PIZZA HOUSE**, is a business located at 954 B Street, Hayward, California. "**THE PIZZZA HOUSE**", as used herein, means the building at 954 B Street and is described in Attachment A, which is incorporated herein by reference. **THE PIZZA HOUSE** is a three-story brick building located in the city of Hayward in Alameda County. **THE PIZZA HOUSE** is located on "B" street between Mission and Main Streets, adjacent to an alley and next to an unnamed pawnbroker business. A large red lettered sign above the entrance to the business reads "**THE PIZZA HOUSE.**" The storefront is comprised of tinted glass and has double glass doors that enter into the restaurant. The floors above the entrance to **THE PIZZA HOUSE** each contain three large pane glass windows. The side of **THE PIZZA HOUSE** facing the alley is comprised of red brick and has no windows or doors. The rear wall of **THE PIZZA HOUSE** is red brick. The building has one (1) window on the ground floor, three (3) windows on the second floor, three (3) windows on the third floor, and seven (7) boarded-up windows on the rear of the building. There are large double doors on the rear of the building with the words "B Street Café" painted on them. Behind **THE PIZZA HOUSE** is a parking area.

12. **MONTEREY PIZZA**, is a business located at 599 Monterey Blvd., San Francisco, California. **MONTEREY PIZZA**, a used herein, means the building at 599 Monterey Blvd. **MONTEREY PIZZA** is a two-story beige-colored stucco building located in the City and County of San Francisco and is described in Attachment B, which is incorporated herein by reference. The premises at 599 Monterey Blvd. are located on the northeast corner of Monterey Blvd. and Foerster St. The storefront is comprised of mostly windows on both the Monterey Blvd. side and the Foerster St. side of the building. The front door to the premises of the building is located on Monterey Street and shares a wall with the front door to the adjacent business, the "Monterey Salon." A sign attached half-way up building is yellow with the words "pizza" in red writing and "Julio's" and "Monterey" in black writing. A large sidewalk surrounds **MONTEREY PIZZA**.

## V.     BACKGROUND ON EMPLOYING AND HARBORING OF ILLEGAL ALIENS

13. Based on my training and experience, I know that many foreign nationals illegally enter the United States to seek employment. Many of these foreign nationals communicate with other foreign nationals from their country who have previously lived here to gain an understanding of the labor system in the United States, learn about certain employers, and gain employment without work authorization from the Department of Homeland Security. Foreign nationals from the same country often seek to work together at the same establishments to have a shared language and culture.

14. Often Brazilian citizens will travel to Mexico and then illegally cross the United States/Mexico International border. After successfully crossing the border, the Brazilian citizens will then travel into the interior of the United States to seek employment. Other

3

Brazilian citizens arrive in the United States using a visitor's visa obtained at an embassy in their home country and then stay beyond the time period authorized by the visa.

15. Employers seeking to conceal their employment and harboring of illegal aliens will pay them in cash and not list these employees on tax and payroll filings. Based on my training and experience, I know that a Federal Form I-9 requires an employer to verify, before employing any person, through the examination of the certain documents belonging to the employee, that the employee is a United States citizen, or a foreign national with authorization to work in the United States. In some cases, employers seeking to conceal employment of illegal aliens will not complete Federal Form I-9.

16. I know that many illegal alien employees knowingly obtain and use fraudulent and/or counterfeit identification documents, including driver's licenses and social security cards, to gain employment authorization. Often, employers of illegal aliens facilitate the procurement of counterfeit or fraudulently obtained documents by telling their employees or prospective employees where to obtain counterfeit or fraudulent identification documents.

17. It is common practice for employers involved in the harboring and employment of illegal aliens to maintain books or ledgers that notate payments to employees, credit given, payments made to other individuals on the employees' behalf, or money loaned to their employees. In my experience, these transactions are conducted in cash and an employer maintains records of these cash transactions.

## VI.    BACKGROUND ON FRAUDULENT USE OF IDENTITY DOCUMENTS

18. Based on my training and experience, I know that illegal aliens, to avoid detection, will sometimes assume the identity of a United States citizen. Other times, illegal aliens will assume false identities of United States citizens, or other authorized foreign nationals, in order to obtain driver's licenses; register vehicles; obtain insurance; open bank accounts; establish credit; and cash checks. Often an illegal alien will first obtain more easily accessible documents, such as birth certificates and marriage licenses, and then use these documents to apply for driver's licenses and social security cards in a false name.

19. Recently, ICE has noticed a trend wherein foreign nationals from Central and South America fraudulently use documents connected to United States Citizens who are also nationals of Puerto Rico.

## VII.    FACTS ESTABLISHING PROBABLE CAUSE

### A.    GLENIO SILVA

20. I have reviewed the Alien file (A-file) for **GLENIO JESUA FERREIRA SILVA** (**"SILVA"**). An A-file contains paperwork relating to an alien and includes information including the alien's entrances and exits into the United States and paperwork filed with

immigration authorities in connection with an alien. From my review of the A-file, I am familiar with the circumstances under which **SILVA** entered and currently remains in the United States.

21. **SILVA** is a Brazilian national and lawful permanent resident of the United States. **SILVA** entered the United States on March 3, 1990 as a J-1 visa holder. From my training and experience, I know that a J-1 visa is based upon an exchange visitor program which authorizes an alien to enter and work in the United States. **SILVA** entered the United States and worked in Wisconsin. The terms of his visa allowed him to remain in the United States until September 19, 1991.

22. On July 2, 2002, **SILVA** completed and filed an I-485, Application to Adjust Status to that of a Legal Permanent Resident based on his marriage to a United States citizen. On March 29, 2003, in support of his Application to Adjust Status, **SILVA** filed a Form I-601, an Application for Waiver of Ground of Excludability. In the Waiver Application, **SILVA** states that from October 1991 through July 2002, he was out of status. From my training and experience, I know that "out of status" means that **SILVA** was an illegal alien.

23. Based on my review of **SILVA**'s A-file, I believe there is probable cause to demonstrate that **SILVA** was familiar with and had direct experience with immigration procedures relating to authorized entry into the United States as an alien, living and working in the United States as an illegal alien, and the requirements under immigration laws that an alien have authorization to legally remain in the country.

### B.   Confidential Source I

24. Confidential Source I (CS-I) is a Brazilian national and citizen who last entered the United States in 1999 as a visitor. CS-I is an illegal alien insofar as s/he lacks work authorization and lawful presence in the United States. CS-I speaks Portuguese. When speaking with CS-I, I was assisted by a person fluent in both English and Portuguese.

25. In June 2007, I filed an application to grant CS-I parolee status because s/he is a potential witness to a crime. If parolee status is granted, CS-I will be permitted to remain in the United States pending conclusion of this criminal investigation and prosecution. However, even if granted, parolee status does not confer lawful permanent status on a parolee or give a parolee an unconditional right to remain in the United States.

26. CS-I has no known criminal history and to my knowledge, has never served as an informant for ICE, or any other law enforcement agency.

27. According to CS-I, s/he worked for **SILVA** from October 1999 until December 14, 2006. CS-I stopped working for **SILVA** on December 14, 2006 after s/he and **SILVA** had a physical altercation, for which CS-I sought medical attention. CS-I filed a report with the local law enforcement agency claiming that s/he was assaulted by **SILVA**. The local law enforcement agency has declined to prosecute.

### C.   THE PIZZA HOUSE and MONTEREY PIZZA

28. I have confirmed through surveillance and receipt of records in the course of my investigation, that **THE PIZZA HOUSE** located at 954 B Street, Hayward, California and **MONTEREY PIZZA**, 599 Monterey Street, San Francisco, California are both businesses that sell food and beverages. **THE PIZZA HOUSE** is open to the public from 11:00 am to 3:00 am. **MONTERERY PIZZA** is open to the public from 11:00 am to 10:00 pm.

29. Subscriber information from AT&T has confirmed that **THE PIZZA HOUSE** has an account for phone service in the name of GLENIO **SILVA**, dba **THE PIZZA HOUSE**, at **954 B STREET**, Hayward, California.

30. Subscriber information from AT&T has confirmed that **MONTEREY PIZZA** has an account for phone service in the name in the name of GLENIO **SILVA**, dba of **MONTEREY PIZZA**, at 599 Monterey Blvd., San Francisco, Ca.

31. According to Pacific Gas & Electric (PG&E) utility records,

   a.   PG&E began providing service to **THE PIZZA HOUSE**, at 954 B Street, Hayward, CA on 5/20/2004; and

   b.   PG&E began providing service to **MONTEREY PIZZA**, 599 Monterey Blvd., San Francisco, CA on 10/1/1996. Glen **SILVA** is listed as the main customer.

32. CS-1 stated **SILVA** manages and operates **THE PIZZA HOUSE** and **MONTEREY PIZZA**.

33. Between May 11th and June 5th 2007, mail was delivered addressed to GLENIO and GLEN **SILVA** at 599 Monterey Blvd., San Francisco, California and 954 B Street, Hayward, California, the addresses of **THE PIZZA HOUSE** and **MONTEREY PIZZA** respectively.

34. On March 23, April 13, and June 13, 2007, Agents observed **SILVA** working inside of **THE PIZZA HOUSE**. On those same date, agents saw a Chevrolet Truck bearing California License Plate 8C57954 parked outside **THE PIZZA HOUSE**. According to Department of Motor Vehicle records, this vehicle is registered to Alissa T. Silva, who is believed to be **SILVA**'s wife. Also on March 23 and April 13, 2007, after the close of the business, **SILVA** departed in the Chevrolet pick-up bearing California License Plate 8C57954.

35. On or about March 5, 2005, **SILVA** provided a rental application to Archstone Rentals, 39410 Civic Center Drive, Fremont, California. On that application, **SILVA** lists himself is the proprietor of **THE PIZZA HOUSE** and **MONTEREY PIZZA**.

### C.  Illegal Aliens Are Working, and Being Harbored, at THE PIZZA HOUSE and MONTEREY PIZZA

36. In the course of my investigation, I have learned that **SILVA** has, from March or April 2000 to the present, harbored and/or concealed aliens by permitting the aliens to work and live at **THE PIZZA HOUSE** and/or **MONTEREY PIZZA**.

37. CS-1 stated that s/he worked for **SILVA** from October 1999 until December 14, 2006. CS-1 claimed **SILVA** never asked her/him for documents showing s/he had the legal right to work in the United States. CS-1 stated that **SILVA** always paid her/him in cash.

38. CS-1 said that after entering the United States in 1999, s/he began working for **SILVA** at **THE PIZZA HOUSE**, then located at 217 Winton Avenue, Hayward, California. S/he worked at this location from October 1999 until March or April 2000.

39. According to CS-1, in March or April of 2000, **SILVA** asked CS-1 if s/he would manage **MONTEREY PIZZA**. CS-1 stated **SILVA** told her/him that s/he could live in the basement of **MONTEREY PIZZA**. In March or April 2000, CS-1 began managing **MONTEREY PIZZA** and living in the basement of **MONTEREY PIZZA**. CS-1 stated that s/he lived in the basement at **MONTEREY PIZZA** until 2002. CS-1 worked at **MONTEREY PIZZA** through December 14, 2006.

40. CS-1 also stated **SILVA** employs illegal aliens from Brazil at both **THE PIZZA HOUSE** and **MONTEREY PIZZA**. CS-1 worked with the aliens, while s/he was employed by **SILVA**, and is still in contact with some of the aliens working for **SILVA**. CS-1 claimed that all the aliens, except one Mexican national and BRIAN LNU, were Brazilian citizens without authorization to work in the United States. CS-1 stated that s/he had many conversations with fellow employees during which **SILVA** was present in which they talked about problems with federal immigration authorities; fraudulently obtaining work authorization documents; and concerns about returning to Brazil because of the potential problems re-entering the United States as illegal aliens. CS-1 stated that **SILVA** knew that the employees were Brazilians who had no lawful status in the United States. CS-1 also said that two employees, **GILSON ARAUJO** and **GERALDO RODRIGUES**, told her/him that **SILVA** had helped them obtain fraudulent identification.

41. CS-1 said that during his employment, **SILVA** paid the employees in cash. CS-1 stated that **SILVA**, or s/he, as the manager, would pay the employees cash wages at the end of a shift. CS-1 stated that every work day, at the direction of **SILVA**, s/he or someone else recorded the total sales, total expenses, number of employees, names of employees and the amount paid to each employee in a calendar-style book.

42. The investigation has revealed the following individuals are receiving mail at

7

MONTEREY PIZZA, 599 Monterey Blvd., San Francisco, California: **GILVAN THOMAZELE, ROBERTO DA SILVA, JOAO LUCIANO, FRANCO DAUER, GERALDO RODRIGUEZ, AND JOAS RODRIGUES.**

### D.   Illegal Aliens are Currently Living, and Being Harbored, at THE PIZZA HOUSE

43. CS-1 stated that while s/he lived in the basement at **MONTEREY PIZZA**, individuals known to her/him as **GERALDO RODRIGUES, GILSON ARAUJO, JULLYS LNU, "VADINHO,"** and other unidentified individuals also lived with her/him in the basement of **MONTEREY PIZZA**. CS-I said that as of December 2006, no one was living at **MONTEREY PIZZA**. CS-I said that individuals began living at **THE PIZZA HOUSE** in 2004.

44. CS-1 stated that in 2004, **SILVA** partitioned the third floor of **THE PIZZA HOUSE** building, without city approval, to create living spaces and rents this space to some of his employees. CS-1 said that **SILVA** charged the aliens $1500 per month in rent for the space.

45. CS-1 stated s/he knows that illegal aliens are currently living at **THE PIZZA HOUSE** since s/he still has regular contact with some of the aliens and s/he has been to the third floor of the building. CS-1 stated the following people currently live on the third floor of **THE PIZZA HOUSE**, 954 B Street, Hayward, California:

> **"VADINHO,"**
> **GILSON ARAUJO,**
> **ANDREA LNU,**
> **BRIAN LNU**
> **LUCIANO LNU,**
> **"BORATI,"**
> **MORAIS LNU**

46. CS-1 claimed that all of these people, except **BRIAN LNU**, are citizens of Brazil who are illegally present in the United States.

47. Based my surveillance, I believe that at least six of these individuals are living at **THE PIZZA HOUSE**. On March 23, 2007, Agents Agent arrived at **THE PIZZA HOUSE** at approximately 1:19 a.m. and observed **SILVA, ARAUJO, "VADINHO" (RUIZ)** and two other individuals working at **THE PIZZA HOUSE**. Just after closing, **SILVA** departed in the Chevrolet truck, bearing license plate number 8C57954. **ARAUJO, "VADINHO,"** and the two other individuals were inside the business when the building lights were turned off at about 3:39 a.m. No one left **THE PIZZA HOUSE** for at least the next one hour ten minutes.

48. On April 13, 2007 Agents arrived at **THE PIZZA HOUSE** at approximately 2:05 a.m. and saw, **SILVA, "VADINHO," ARAUJO, ANDREA LNU,** and three other

8

unidentified workers present. **SILVA** departed in the Chevrolet truck at 3:09 a.m. **"VADINHO," ARAUJO, ANDREA LNU,** and three unidentified workers remained in the building. At approximately 3:30 a.m., the building lights inside were turned off. No one left **THE PIZZA HOUSE** for at least the next hour and one half.

49. On May 25, 2007, at approximately 4:28 a.m., Agents saw three vehicles parked behind the business. The business was closed and no lights were visible. One of those vehicles is registered to **"VADINHO" (RUIZ)** and the other is registered to **ARAUJO**.

50. Investigation has confirmed that the following individuals are receiving mail at **THE PIZZA HOUSE**, 954 B Street, Hayward, California: Glenio **SILVA**, Geraldo G. Ruiz-Sanchez, **GILSON ARAUJO, SUHAIL PAGAIN,** and **LUCIANO ALVES DOS REIS**.

### E. Further Evidence of Alien Harboring and Use and Possession of False Documents at THE PIZZA HOUSE

51. Based on my investigation, I believe that the **"VADINHO"** (aka **GERARDO GUILLERMO RUIZ-SANCHEZ**) ; **ANDREA LNU** (aka **SUHAIL CRUZ-PAGAN**); and **GILSON ARAUJO** (aka **GILVAN LEANDRO THOMAZELE**) are living and working at **THE PIZZA HOUSE, 954 B STREET**, Hayward, California and have obtained identification and/or vehicle registrations in the names of United States citizens.

52. As to each of these individuals, I have learned the following information:

#### *John Doe #1 (aka "VADINHO", aka Gerardo Guillermo RUIZ-Sanchez)*

53. CS-1 identified **"VADINHO"** as a Brazilian citizen who is currently working without authorization at **THE PIZZA HOUSE** and living at **THE PIZZA HOUSE**. CS-1 stated **"VADINHO"** was a nickname and s/he did not know his real name. CS-1 stated s/he knew **"VADINHO"** from when CS-1 worked for **SILVA**.

54. CS-1 did not know **"VADINHO's"** true name, but identified her/him from a photograph on a California Drivers License, in the name **GERARDO GUILLERMO RUIZ-SANCHEZ** (hereafter referred to as **"VADINHO"**), with an address of record of 954 B Street, Hayward, California. The application for this license was submitted to the California Department of Motor Vehicles on or about April 20, 2005.

55. California DMV records indicate the person receiving a license in the name of **GERARDO GUILLERMO RUIZ-SANCHEZ** provided social security number 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 and a date of birth as 12/11/1970 to obtain the drivers license.

56. Record checks indicate that the Social Security Number used to obtain the driver's license in the name of **GERARDO GUILLERMO RUIZ-SANCHEZ** was issued in Puerto Rico between 1/1/1980 and 12/31/1980. Further, record checks of this social security number confirm that owner of this social security number has only lived outside

9

of Puerto Rico from August 2004 until February 2005, during which time he lived in Massachusetts.

57. In this investigation, I obtained a copy of a Massachusetts drivers license obtained using social security number 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 and a date of birth as 12/11/1970. This license was issued to **GERARD G. SANCHEZ**. The pictures on the Massachusetts license for **GERARD G. SANCHEZ** and the California license for **GERARDO GUILLERMO RUIZ-SANCHEZ** are of different people.

58. On March 20, 2007, Agents saw the person identified as "**VADINHO**" walking in and out of **THE PIZZA HOUSE** carrying pizza boxes and getting into a Toyota with California license plate 4MEW168. This vehicle is registered in the name **GERARDO GUILLERMO RUIZ-SANCHEZ** with an address of record of 954 B Street, Hayward, California. In April and May, 2007, Agents saw "**VADINHO**" working at **THE PIZZA HOUSE** and driving the Toyota with California license plate 4MEW168.

### *GILSON ARAUJO (aka GILVAN LEANDRO THOMAZELE)*

59. CS-1 identified Gilson Ferreira **ARAUJO** as a Brazilian citizen who is currently working without authorization at **THE PIZZA HOUSE** and living at **THE PIZZA HOUSE**. CS-1 stated that s/he knows **ARAUJO** and sees her/him on a regular basis.

60. CS-1 identified **ARAUJO** from a photograph on a California driver's license, in the name **GILSON FERREIRA ARAUJO**, License D7269606, with an address of record of 954 B Street, Hayward, California. The application for this license was submitted to the California Department of Motor Vehicles on or about August 16, 2002.

61. CS-1 also identified **ARAUJO** from a photograph on a California driver's license B4974296, issued in the name **GILVAN LEANDRO THOMAZELE**.

62. I have compared the photographs of the individuals on the licenses in the names of **GILSON FERREIRA ARAUJO**, License D7269606 and **GILVAN LEANDRO THOMAZELE**, license B4974296 are believe that that they are the same person.

63. I have confirmed that a Toyota with California license plate 4CWX696 is registered in the name **GILSON ARAUJO**, with an address of record of 954 B Street, Hayward, California.

64. Record checks indicate that **ARAUJO** is a national and citizen of Brazil who last entered the United States through the Chicago Port-of-Entry on November 13, 2004 as a B-2 Visitor for pleasure. **ARAUJO** has no authorization to work in the United States.

65. In March, April and May 2007, Agents saw **ARAUJO** working at **THE PIZZA HOUSE**. In May of 2007 Agents saw the two Toyota vehicles, license plates 4CWX696 and 4CRJ096, that are registered to **ARAUJO** behind **THE PIZZA HOUSE**.

### *Jane Doe (aka ANDREA LNU, SUHAIL CRUZ-PAGAN)*

66. CS-1 identified **ANDREA LNU** as a citizen of Brazil who lives and works at **THE PIZZA HOUSE**. CS-1 knows **ANDREA LNU** as **ARAUJO**'s girlfriend, has spoken with her on past occasions, and knows from these conversations that she has no authorization to work in the United States. CS-1 identified **ANDREA LNU** from a photograph on a California Drivers license, in the name **SUHAIL CRUZ-PAGAN**, with an address of record of 15 Poncetta Drive #214, Daly City, California. **CRUZ**'s (**ANDREA LNU**'s) previous address of record, per California DMV records, was 954 B Street, Hayward, California. The application for this license was submitted to the California Department of Motor Vehicles on or about March 7, 2005.

67. The California DMV confirmed that the social security number 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 was used to obtain the license of **SUHAIL CRUZ-PAGAN**. Record checks run on the Social Security Number indicate it was issued in Puerto Rico between 1/1/1977 and 12/31/1977. Further record checks indicate the owner of the social security number has lived in Puerto Rico since at least September 1998 and never resided in California.

68. The California DMV Office of Investigations has identified the license issued in the name of **SUHAIL CRUZ-PAGAN** as one that was obtained through fraudulent means on or about February 2005. On August 3, 2005, the Federal Bureau of Investigation Agents and California DMV Office of Investigations Officers arrested four DMV employees for participating in a criminal conspiracy to sell driver's license and identification cards and to fraudulently alter vehicle registrations. The conspiracy consisted of "document brokers" obtaining valid Puerto Rican birth certificates for aliens to use to present themselves as a United States citizen. The aliens would then present the birth certificate to corrupt DMV employees who would process the applications and issue driver's licenses. According to the California Office of Investigations, the license issued in the name of **SUHAIL CRUZ-PAGAN** was sold to a person identified as "**ANDREA LNU**."

69. On April 13, 2007, Agents saw **ANDREA LNU** working at **THE PIZZA HOUSE**. On April 16, 2007, Agents saw **ANDREA LNU** working at **MONTEREY PIZZA**.

### F. Further Evidence of Alien Harboring and Use and Possession of False Documents at MONTEREY PIZZA

70. Based on my investigation, I believe that the following three male Brazilian illegal aliens are working at MONTEREY PIZZA and two of the illegal aliens obtained identification in the names of a United States Citizen:

**GERALDO RODRIGUES** (aka **JOSE LUCIANO LEAL**)
**JOHN DOE #2** (aka **FABIO LNU**)
**JOHN DOE #3** (aka **JULLES LNU**)

71. As to each of the individuals, I have learned the following information:

11

### *GERALDO RODRIGUES (aka JOSE LUCIANO LEAL)*

72. CS-1 identified **GERALDO RODRIGUES** as a Brazilian Citizen who is currently working, without authorization, at **MONTEREY PIZZA** as a delivery driver. CS-1 stated s/he worked with **RODRIGUES** at **MONTEREY PIZZA**. CS-1 stated **RODRIGUES** is a Brazilian citizen who last entered the United States in 1999 on a tourist visa.

73. CS-1 identified **RODRIGUES** from a photograph on a California driver's license. This license was issued in the name **JOSE LUCIANO LEAL**, with an address of record of 599 Monterey Blvd., San Francisco, Ca. When shown the photograph on the license in the name **JOSE LUCIANO LEAL**, CS-1 said that "LEAL's" real name is **GERALDO RODRIGUES**. The application for this license was submitted to the California Department of Motor Vehicles on or about August 23, 1999.

74. Agents saw **RODRIGUES** working at **MONTEREY PIZZA** in April and May 2007.

### *JOHN DOE #2 (aka FABIO LNU)*

75. In the course of my investigation, I obtained a photograph of an individual believed to be working at **MONTEREY PIZZA**. CS-1 identified the individual in the photograph as **FABIO LNU**. CS-1 said that **FABIO LNU** is a Brazilian Citizen who is currently working without authorization at **MONTEREY PIZZA**. CS-1 stated s/he worked with **FABIO LNU** at **MONTEREY PIZZA**.

76. On April 23, 200, Agents saw the individual known as **FABIO LNU** working at **MONTEREY PIZZA**.

### *JOHN DOE #3 (aka JULLES LNU, JULLYS ALBERTO GONCALVES DE SIQUEIRA KUC)*

77. CS-1 identified **JULLES LNU** as a Brazilian Citizen who is currently working without work authorization at **MONTEREY PIZZA**. CS-1 identified **JULLES LNU** when shown a photograph from a California drivers license. This license is issued in the name of **JULLYS ALBERTO GONCALVES DE SIQUEIRA KUC**, with an address of record of 599 Monterey Blvd., San Francisco, Ca.

### G. THE PIZZA HOUSE and MONTEREY PIZZA Have Not Reported Wages For Any Employees

78. In my investigation, I requested tax and payroll information for **THE PIZZA HOUSE** and **MONTEREY PIZZA**. California Employment Development Department (EDD) advised there were no wage and earning reports submitted in the 4th quarter 2006 for either business.

12

79. In my investigation, I also requested wage and earnings records from California EDD for the social security numbers of **GLENIO SILVA** and the following individuals believed to be employees of **SILVA** at **THE PIZZA HOUSE** and **MONTEREY PIZZA**: "VADINHO" (aka **GERARDO RUIZ-SANCHEZ**), **GILSON ARAUJO** (aka **GILVAN LEANDRO THOMAZELE**), and **ANDREA LNU** (aka **SUHAIL CRUZ-PAGAN**). California EDD related there were no records of earnings for any of the individuals for the calendar year 2006 and the first quarter of 2007 relating to **THE PIZZA HOUSE** and **MONTEREY PIZZA**.

80. Based on my training and experience, I believe this lack of wage and earnings reports for **THE PIZZA HOUSE** and **MONTEREY PIZZA**, and the individuals believed to be employed there, is evidence of **SILVA**'s efforts to harbor and conceal the employment of illegal aliens.

**VIII. ITEMS TO BE SEARCHED FOR AND SEIZED**

81. Evidence to support the allegations of harboring and employing illegal aliens in violation of Title 8, United States Code, Section 1324 of the Immigration and Nationality Act and Title 18, United States Code, Section 1028 (a)(7) Fraud and Related Activity in Connection with Identification Documents such as:

   a.   Evidence and records relating to the ownership, occupancy, or use of the locations to be searched from March 2000 to the present, including rental and/or lease agreements, rental receipts, or ledgers of payments of rent;

   b.   Evidence and records relating to employee payroll records for **THE PIZZA HOUSE** and/or **MONTEREY PIZZA** from March 2000 to the present, including records of the names of any employees, payroll records, paychecks and paycheck stubs, pay/owe sheets, records of payments made by and debts owed to **GLENIO SILVA, THE PIZZA HOUSE,** and/or **MONTEREY PIZZA** to employees;

   c.   Evidence and records relating to the names, addresses, and/or telephone numbers of any persons who have resided or worked at the locations to be searched from March 2000 to the present;

   d.   Evidence and records relating to the identity of individuals present at, working at, or residing at the locations to searched from March 2000 to the present, including counterfeit and genuine U.S. or foreign passports, counterfeit and genuine Resident Alien Cards, counterfeit and genuine immigration documents, counterfeit and genuine driver's licenses, counterfeit and genuine employee identification documents, counterfeit and genuine birth certificates, counterfeit and genuine marriage licenses, and/or counterfeit and genuine social security cards, and/or other counterfeit and genuine government-issued identity cards for persons including "VADINHO" (aka **GERARDO GUILLERMO RUIZ-SANCHEZ**) ; **ANDREA LNU** (aka **SUHAIL CRUZ-PAGAN**);

GILSON ARAUJO (aka GILVAN LEANDRO THOMAZELE); GERALDO RODRIGUES (aka JOSE LUCIANO LEAL); and JULLYS ALBERTO GONCALVES DE SIQUEIRA KUC;

e. Evidence and records relating to applications for government-issued identity documentation or applications for such documentation from March 2000 to the present for persons including "VADINHO" (aka GERARDO GUILLERMO RUIZ-SANCHEZ) ; ANDREA LNU (aka SUHAIL CRUZ-PAGAN); GILSON ARAUJO (aka GILVAN LEANDRO THOMAZELE); GERALDO RODRIGUES (aka JOSE LUCIANO LEAL); and JULLYS ALBERTO GONCALVES DE SIQUEIRA KUC;

f. Evidence and records relating to California Department of Motor Vehicles vehicle registrations registered to either of the locations to searched and insurance documentation relating to any such vehicle in effect March 2000 to the present for persons including "VADINHO" (aka GERARDO GUILLERMO RUIZ-SANCHEZ) and GILSON ARAUJO (aka GILVAN LEANDRO THOMAZELE); and

g. Evidence and records relating to receipt of mail, by any individual, at the locations to be searched from March 2000 to the present.

## IX. SPECIAL SEARCH PROCEDURE

82. I believe, and there is probable cause to believe, that evidence, fruits and instrumentalities of violations of Title 8, United States Code, Section 1324 and Title 18 United States Code, Section 1028, may be found inside secure locations such as safes, lock boxes or other locked or secured locations. Therefore, I respectfully request permission to search inside such locked or secured locations.

## X. REQUEST FOR SEALING

83. Since this investigation is continuing, disclosure of these Search Warrants, this Affidavit and/or the Application and the Attachments thereto will jeopardize the progress of an ongoing alien harboring investigation alerting individuals to the existence of the investigation under investigation. Further, this Affidavit contains personal identifying information of numerous individuals, including social security numbers, dates of birth, and driver's license numbers. Disclosure of this information, without redaction or other means of protection, could pose a risk of identity theft to certain individuals. Accordingly, I request that the Court issue an order that the Search Warrants, the Affidavit in support of the application for the Search Warrant, and all Attachments thereto be filed under seal until further order of this Court.

## XI. CONCLUSION

84. Based upon the above facts, I believe probable cause exists **GLENIO SILVA** and others yet unknown are knowingly employing and harboring illegal aliens in violation of Title 8, United States Code, Section 1324 (a)(1)(A)(iii) and that **"VADINHO"** (aka **GERARDO GUILLERMO RUIZ-SANCHEZ**) ; **ANDREA LNU** (aka **SUHAIL CRUZ-PAGAN**); **GILSON ARAUJO** (aka **GILVAN LEANDRO THOMAZELE**); and **GERALDO RODRIGUES (aka JOSE LUCIANO LEAL)** are in possession of fraudulent documents and committing fraud, in violation of Title 18, United States Code Section 1028 (a)(7), and that evidence, fruits and instrumentalities of these crimes will be found at the businesses **THE PIZZA HOUSE**, 954 B Street, Hayward, California and **MONTEREY PIZZA**, 599 Monterey, San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief,

Christopher Purfeerst, Special Agent
Immigration & Customs Enforcement
Department of Homeland Security

Sworn to and subscribed to before me on this 15th day of June 2007.

Bernard Zimmerman
United States Magistrate Judge

15

## ATTACHMENT A

**THE PIZZA HOUSE**, is a business located at **954 B STREET,** Hayward, California. "**THE PIZZZA HOUSE**", as used herein, means the building at 954 B Street and is described in Attachment A, which is incorporated herein by reference. **THE PIZZA HOUSE** is a three-story brick building located in the city of Hayward in Alameda County. **THE PIZZA HOUSE** is located on "B" street between Mission and Main Streets, adjacent to an alley and next to an unnamed Pawnbroker business. A large red lettered sign above the entrance to the business reads "**THE PIZZA HOUSE**." The storefront is comprised of tinted glass and has double glass doors that enter into the restaurant. The floors above the entrance to **THE PIZZA HOUSE** each contain three large pane glass windows. The side of **THE PIZZA HOUSE** facing the alley is comprised of red brick and has no windows or doors. The rear wall of **THE PIZZA HOUSE** is red brick. The building has one (1) window on the ground floor, three (3) windows on the second floor, three (3) windows on the third floor, and seven (7) boarded-up windows on the rear of the building. There are large double doors on the rear of the building with the words "B Street Café" painted on them. Behind **THE PIZZA HOUSE** is a parking area.

## ATTACHMENT B

**MONTEREY PIZZA**, is a business located at 599 Monterey Blvd., San Francisco, California. **MONTEREY PIZZA**, as used herein, means the building at 599 Monterey Blvd. **MONTEREY PIZZA** is a two-story beige-colored stucco building located in the City and County of San Francisco and is described in Attachment B, which is incorporated herein by reference. The premises at 599 Monterey Blvd. Are located on the northeast corner of Monterey Blvd. and Foerster St. The storefront is comprised of mostly windows on both the Monterey Blvd. side and the Foerster St. side of the building. The front door to the premises of the building is located on Monterey Street and shares a wall with the front door to the adjacent business, the "Monterey Salon." A sign attached half-way up building is yellow with the words "pizza" in red writing and "Julio's" and "Monterey" in black writing. A large sidewalk surrounds **MONTEREY PIZZA**.

## ATTACHMENT C

    a. Evidence and records relating to the ownership, occupancy, or use of the locations to be searched from March 2000 to the present, including rental and/or lease agreements, rental receipts, or ledgers of payments of rent;

    b. Evidence and records relating to employee payroll records for **THE PIZZA HOUSE** and/or **MONTEREY PIZZA** from March 2000 to the present, including records of the names of any employees, payroll records, paychecks and paycheck stubs, pay/owe sheets, records of payments made by and debts owed to **GLENIO SILVA, THE PIZZA HOUSE**, and/or **MONTEREY PIZZA** to employees;

    c. Evidence and records relating to the names, addresses, and/or telephone numbers of any persons who have resided or worked at the locations to be searched from March 2000 to the present;

    d. Evidence and records relating to the identity of individuals present at, working at, or residing at the locations to searched from March 2000 to the present, including counterfeit and genuine U.S. or foreign passports, counterfeit and genuine Resident Alien Cards, counterfeit and genuine immigration documents, counterfeit and genuine driver's licenses, counterfeit and genuine employee identification documents, counterfeit and genuine birth certificates, counterfeit and genuine marriage licenses, and/or counterfeit and genuine social security cards, and/or other counterfeit and genuine government-issued identity cards for persons including "**VADINHO**" (aka **GERARDO GUILLERMO RUIZ-SANCHEZ**) ; **ANDREA LNU** (aka **SUHAIL CRUZ-PAGAN**); **GILSON ARAUJO** (aka **GILVAN LEANDRO THOMAZELE**); **GERALDO RODRIGUES** (aka **JOSE LUCIANO LEAL**); and **JULLYS ALBERTO GONCALVES DE SIQUEIRA KUC**;

    e. Evidence and records relating to applications for government-issued identity documentation or applications for such documentation from March 2000 to the present for persons including "**VADINHO**" (aka **GERARDO GUILLERMO RUIZ-SANCHEZ**) ; **ANDREA LNU** (aka **SUHAIL CRUZ-PAGAN**); **GILSON ARAUJO** (aka **GILVAN LEANDRO THOMAZELE**); **GERALDO RODRIGUES** (aka **JOSE LUCIANO LEAL**); and **JULLYS ALBERTO GONCALVES DE SIQUEIRA KUC**;

    f. Evidence and records relating to California Department of Motor Vehicles vehicle registrations registered to either of the locations to searched and insurance documentation relating to any such vehicle in effect March 2000 to the present for persons including "**VADINHO**" (aka **GERARDO GUILLERMO RUIZ-SANCHEZ**) and **GILSON ARAUJO** (aka **GILVAN LEANDRO THOMAZELE**); and

    g. Evidence and records relating to receipt of mail, by any individual, at the locations to be searched from March 2000 to the present.

18